# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| LITTLE G. STONE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-MI-00174-ELR |
| | * | |
| OFFICE OF THE SOLICITOR GENERAL, *et al.*, | * | |
| | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| LITTLE G. STONE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-MI-00175-ELR |
| | * | |
| Sgt. C.S. Sperrazza, | * | |
| | * | |
| Defendant. | * | |

| | | |
|---|---|---|
| LITTLE G. STONE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:19-MI-00178-ELR |
| | * | |
| LT. B.T. TRULOVE, | * | |
| | * | |
| Defendant. | * | |

|                              | *   |
| ---------------------------- | --- |
| LITTLE G. STONE,             | *   |
|                              | *   |
| Plaintiff,                   | *   |
|                              | *   |
| v.                           | *    1:20-MI-00001-ELR |
|                              | *   |
| JUDGE VICKIE SUE MCWATERS,   | *   |
|                              | *   |
| Defendant.                   | *   |
|                              | *   |
|                              | *   |

# O R D E R

Plaintiff Little G. Stone, proceeding *pro se,* seeks leave to file these civil actions *in forma pauperis* without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). Pursuant to an October 24, 2019 Order in <u>Stone v. Dixon</u>, Civil Action No. 1:19-CV-04695-ELR (N.D. Ga. Oct. 24, 2019), Plaintiff Little G. Stone is prohibited from filing any motion, pleading, or paper in any matter before the District Court for the Northern District of Georgia unless he is represented by counsel or first obtains leave of the court. Accordingly, these Applications for Leave to Proceed *in forma pauperis* are before the Court on a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review of these complaints, the Court

finds Plaintiff's Complaints frivolous and, therefore, Plaintiff's Applications for Leave to Proceed *in forma pauperis* must be declined.

I. **Legal Standard**

A complaint is frivolous when it is "based on an indisputably meritless legal theory, [the complaint] relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional, or the facts alleged rise to the level of the irrational or the wholly incredible." Gary v. U.S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013).

A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. In other words, a plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As is relevant here, complaints pleaded *pro se* are "held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation and internal quotation marks omitted). The Court "must look beyond the labels of filings by *pro se* plaintiffs to interpret them under whatever statute would provide relief." Wilkerson v.

Georgia, 618 F. App'x 610, 611 (11th Cir. 2015) (alterations omitted). However, the Court cannot rewrite a deficient pleading, and *pro se* plaintiffs are required to comply with the threshold requirements of the Federal Rules of Civil Procedure. Lizana-Jackson v. U.S. Dep't of the Treasury, No. 1:13-CV-3815-AT, 2013 WL 7118115, at *2 (N.D. Ga. Nov. 25, 2013).

## II. Discussion

In the various complaints, Plaintiff names the following parties as Defendants: Office of the Solicitor General; Keith Gammage; Sgt. C.S. Sperrazza of Internal Affairs; Lt. B.T. Trulove of Internal Affairs; and Judge Vickie Sue McWaters.

After review, the Court finds Plaintiff's Complaints frivolous. Plaintiff's Complaints contain no more than conclusory statements and immaterial facts that are not clearly connected to a particular cause of action. Furthermore, Plaintiff's Complaints do not provide Defendants with fair notice of what the claim is and the grounds upon which it rests. Such shotgun pleadings are insufficient. Therefore, Plaintiff's Applications for Leave to Proceed *in forma pauperis* must be declined.

## III. Conclusion

For the foregoing reasons, the Court **DECLINES** Plaintiff's Applications for Leave to Proceed *in forma pauperis* and **DIRECTS** the Clerk to close the following Complaints: 1:19-MI-00174-ELR; 1:19-MI-00175-ELR; 1:19-MI-00178-ELR; 1:20-MI-00001-ELR.

It is further **ORDERED** that Plaintiff is barred from filing any additional lawsuits for a period of twelve months until he first posts a $250 frivolity bond, from which the Court will subtract $250 for the next frivolous lawsuit that he files. Patterson v. Lock, No. CV409-159, 2009 WL 4506600, at *1 & n.5 (S.D. Ga. Dec. 3, 2009), adopted at *1 (citation omitted). If this procedure does not prevent plaintiff from filing frivolous lawsuits, alternative remedies may be implemented.

SO **ORDERED**, this 21st day of February 2020.

Eleanor L. Ross
United States District Judge
Northern District of Georgia